# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **FREDERICK BRENT ANDERLOHR,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **Case No. CIV 06-197-RAW-KEW** |
| ) | |
| **MIKE MULLEN, Warden,** ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

This action is before the court on respondent's motion to dismiss petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, as time barred by the statute of limitations. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections (DOC), is challenging the execution of his sentences after his parole revocation. He alleges that while on parole in Stephens County District Court Case No. CRF-87-111, he was convicted in Stephens County District Court Case No. 92-15. His sentence in Case No. CRF-92-15 was to run consecutively to all his other sentences. The Governor of Oklahoma subsequently issued an Order of Revocation in Case No. CRF-87-111 directing petitioner's sentence in No. CRF-87-111 to run concurrently with his sentence in Case No. CRF-92-15. Petitioner, however, later was advised by the DOC that the Governor had amended the parole revocation, changing it to consecutive sentences with no credit for street time. Petitioner questions the authenticity of the amended parole revocation, because he never saw a notarized copy of the document, and he maintains he is entitled to release from confinement.

The respondent alleges the petition was filed beyond the one-year statute of limitations imposed by 28 U.S.C. § 2244(d). The record shows that petitioner first was

received into DOC custody on March 8, 1988, to serve the three consecutive counts in Case No. CRF-87-111. On August 15, 1990, he was paroled from Count 1 to Count 2. He then discharged Count 2 and rebilled to Count 3. On March 5, 1991, he was released on parole. On January 17, 1992, petitioner was arrested on the new charge in Case No. CRF-92-15. The Governor of Oklahoma issued an Order of Revocation in Case No. CRF-87-111 in September 1992, and on January 5, 1993, the Governor amended the parole certificate for CRF-87-111 to reflect that the revocation was to be served consecutively to CRF-92-15.

Petitioner admits in his petition that he was advised of the amended parole revocation on January 5, 1993. He challenged the amendment with the DOC Sentence Administrator, who answered by letter on November 22, 1996. Petitioner unsuccessfully pursued his claim through the prison grievance process in 1999 and 2000, also asserting he was not advised he was on parole when he was released into the community in 1991. On May 9, 2005, he filed a state petition for a writ of habeas corpus concerning this issue, which was denied for petitioner's failure to exhaust his post-conviction remedies. *Anderlohr v. Mullin*, No. C-05-485 (Pittsburg County Dist. Ct. Dec. 20, 2005). His appeal of the denial by the state court was affirmed on April 18, 2006. *Anderlohr v. Mullin*, No. HC-2006-62, slip op. at 2 (Okla. Crim. App. Apr. 18, 2006). Petitioner filed this federal habeas corpus action on May 22, 2006.

Section 2244(d) provides that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of– . . .

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2

28 U.S.C. § 2244(d)(1)(D). The one-year limitations period also applies to § 2241 habeas corpus actions. *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003).

Under the most generous interpretation, the respondent asserts petitioner's limitation period began when the DOC Sentence Administrator addressed the claim by letter on November 22, 1996. Petitioner, therefore, had until November 22, 1997, to file a federal habeas corpus action. Petitioner argues in his response to the motion to dismiss (Docket #11) that believes the limitation period began when he discharged CRF-92-15 on June 23, 2004, and began serving the parole revocation in CRF-87-111, but he cites no supporting authority. Because petitioner did not initiate his administrative remedies and state habeas action until the limitation period had expired, there is no statutory tolling. *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (citing 28 U.S.C. § 2244(d)(2)). This habeas corpus petition, filed on May 22, 2006, was untimely.

**ACCORDINGLY,** respondent's motion to dismiss time barred petition is GRANTED, and this action is, in all respects, DISMISSED.

**IT IS SO ORDERED** this 10th day of September 2007.

Ronald A. White
United States District Judge
Eastern District of Oklahoma